STATE *v.* KATE LUNDERGAN, STEPHEN MOLLOY and WILLIAM E. HAWKS.

October Term, 1901.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed December 2, 1901.

*Liquor nuisance—Bill to enjoin—Evidence—Variance.*

An agent's knowledge of the existence of a liquor nuisance in rented premises being imputed to the owner, such agent may properly be asked when a witness if he had read newspaper accounts, of searches and seizures on the premises complained of, and of convictions of the tenants and employees therein; and he may be examined as to his investigations relative to the use of such premises.

Liquors brought from other premises as required for sale, must be kept for an appreciable time on the premises in question; and evidence thereof supports an allegation of keeping therein with unlawful intent.

APPEAL IN CHANCERY. Heard at the June Term, 1901, Bennington County, upon the report of a master and exceptions thereto, *Rowell*, Chancellor, presiding. The exceptions were overruled, and a perpetual injunction granted

against all the defendants according to the prayer of the bill, which was in common form for abating a liquor nuisance. The defendant Hawks appealed.

*J. K. Batchelder* for the appellant.

*J. J. Shakshober,* State's Attorney, for the state.

STAFFORD, J.   This cause was heard with *State* v. *Collins, et al.,* and is partly ruled by it.   The premises are owned by William E. Hawks, whose interests therein are looked after and the rents collected by his son and agent, George Hawks.   It does not appear that the owner himself knew, or had reason to suppose, that the premises, which are occupied by the other defendants as a restaurant, were being used for the unlawful sale of intoxicating liquor, but such was the fact; and the agent had reason to believe that it was so.   To this extent the reasoning in the Collins case is applicable and controlling.   It was therefore proper for the state to ask the agent, as a witness, whether he had read accounts in the papers of searches and seizures on the premises, and of convictions of persons occupying the premises or employed therein; for his answer, which is not before us, might tend to show that he had notice of the unlawful use that was being made of the property; and for the same reason it was proper to ask him as to his having made investigation touching the question of such use.

The bill charged that intoxicating liquor was kept upon the premises with intent to sell the same unlawfully.   The proof is that the liquors were kept in another building until required, and then brought into this building, and there sold and served to customers.   It is now insisted that here is such a variance that the bill cannot be sustained.   We see no such obstacle.   The liquors must have been kept for some appreciable time upon the premises complained of after they were

4

brought in, and before they were sold and delivered; and during that time were being kept with the unlawful intent alleged. The report does not show, and it is not very material, just how long they were so kept.

*Decree affirmed, and cause remanded.*